

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Phone:     (973) 297- 2700*
*Facsimile:  (973) 645-2702*

HS CLD/2019R00867

October 28, 2020

Benjamin Brafman, Esq.
Jacob Kaplan, Esq.
Brafman & Associates, P.C.
767 Third Avenue
New York, NY 10017

Re:   <u>Plea Agreement with Seth Levine</u>

Dear Mr. Brafman and Mr. Kaplan:

This letter sets forth the plea agreement between your client, Seth Levine ("LEVINE"), and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on **November 6, 2020** if it is not accepted in writing by that date.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from LEVINE to a two-count Information, which charges LEVINE with one count of knowingly and intentionally conspiring with others to commit bank fraud contrary to Title 18, United States Code, Section 1344, in violation of Title 18, United States Code 1349, and one count of knowingly and willfully committing securities fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5.

If LEVINE enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against LEVINE for conspiring to submit and submitting false and fraudulent documents to financial institutions to obtain mortgages for properties held by subsidiaries of Norse Holdings LLC and for soliciting investors to invest in the same properties based on false and fraudulent representations and documents, for the period 2007 to 2019. However, in the event that a guilty plea in this matter is not entered for any

reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, LEVINE agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by LEVINE may be commenced against him, notwithstanding the expiration of the limitations period after LEVINE signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 to which LEVINE agrees to plead guilty carries a statutory maximum prison sentence of 30 years and a statutory maximum fine equal to $1,000,000.

The violation of 15 U.S.C. § 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5, to which LEVINE agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: $5,000,000.

The sentences on Counts One and Two may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon LEVINE is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence LEVINE ultimately will receive.

Further, in addition to imposing any other penalty on LEVINE, the sentencing judge: (1) must order LEVINE to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order LEVINE to pay restitution pursuant to 18 U.S.C. § 3663A; (3) may order LEVINE, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offenses; (4) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583, may require LEVINE to serve a term of supervised release of not more than five years for the violation of 18 U.S.C. § 1349 and three years for the violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5, which will begin at the expiration of any term of imprisonment imposed. Should LEVINE be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, he may be sentenced to not more than three years' imprisonment for the violation of 18

U.S.C. § 1349 and two years' imprisonment for the violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, LEVINE agrees to make full restitution for all losses resulting from the offenses of conviction. LEVINE understands that such restitution will be included in the Court's judgment and an unanticipated amount of a restitution will not serve as grounds to withdraw LEVINE's guilty plea.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on LEVINE by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of LEVINE's activities and relevant conduct with respect to this case.

Stipulations

This Office and LEVINE agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or LEVINE from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond

to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and LEVINE  waive certain rights to file an appeal, collateral attack, writ, or motion after resentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

As part of his acceptance of responsibility, and pursuant to (i) 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and (ii) 18 U.S.C. § 982(a)(2), LEVINE agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds the defendant obtained that are traceable to (i) the bank fraud offense charged in Count One of the Information, and (ii) the securities fraud offense charged in Count Two of the Information.  LEVINE further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to but not greater than the value of the proceeds obtained by the defendant (the "Money Judgment"), which the parties agree will be at least $65 million.  The defendant consents to the entry of an order requiring the defendant to pay the Money Judgment, in an amount to be agreed upon by the parties by the date of sentencing in this case, in the manner described below (the "Order"), and that the Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.  In the event the Office and LEVINE fail to reach an agreement on the Money Judgment prior to sentencing LEVINE agrees that the amount of the Money Judgment will be determined by the Court at the time of sentencing, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure. LEVINE acknowledges that the Money Judgment is subject to forfeiture as property, real or personal, that constitutes or is derived from (i) proceeds traceable to the conspiracy to commit bank fraud contrary to Title 18, United States Code, Section 1344, in violation of Title 18, United States Code, Section 1349, charged in Count One of the Information, and (ii) proceeds traceable to the securities fraud offense, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, charged in Count Two of the Information, to which LEVINE is pleading guilty.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture

and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102.

The defendant further agrees that upon entry of the Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

LEVINE waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. The Government reserves the right to pursue discovery in aid of forfeiture and sentencing.

LEVINE further agrees that within 10 days after he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If LEVINE fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that LEVINE has intentionally failed to disclose assets on his Financial Disclosure Statement, LEVINE agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Immigration Consequences

LEVINE understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. LEVINE understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. LEVINE wants and agrees to plead guilty to the charged offenses regardless of any immigration

consequences of this plea, even if this plea will cause his removal from the United States.  LEVINE understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.  Accordingly, LEVINE waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against LEVINE. This agreement does not prohibit the United States, any agency thereof (including the Securities and Exchange Commission, Internal Revenue Service, and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against LEVINE.

No provision of this agreement shall preclude LEVINE from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that LEVINE received ineffective assistance of counsel.

[CONTINUED ON NEXT PAGE]

<u>No Other Promises</u>

This agreement constitutes the plea agreement between LEVINE and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: _____

Heather Suchorsky
Assistant U.S. Attorney
Charlie L. Divine
Special Assistant U.S. Attorney

Approved:

Courtney A. Howard
Chief, Economic Crimes Unit

7

I have received this letter from my attorneys, Benjamin Brafman, Esq. and Jacob Kaplan, Esq. My attorneys and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 11-5-2020
Seth Levine

I have read and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 11-4-2020
Benjamin Brafman, Esq
Jacob Kaplan, Esq.

Plea Agreement with Seth Levine

SCHEDULE A

1. This Office and SETH LEVINE ("LEVINE") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and LEVINE nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

Count One – Conspiracy to Commit Bank Fraud

3. The applicable guideline is U.S.S.G. § 2X1.1 (conspiracy) and § 2B1.1 (fraud). The Base Offense Level is 7.

4. The parties agree that for purposes of the guidelines calculation, the loss, including relevant conduct, was between $65,000,000 and $150,000,000. Therefore, Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(M) applies, resulting in an increase of 24 levels.

5. The offense involved 10 or more victims. This results in an increase of 2 levels. U.S.S.G. § 2B1.1(b)(2)(A)(i).

6. LEVINE was an organizer, leader, manager, or supervisor of the criminal activity. This results in an increase of 2 levels. U.S.S.G. § 3B1.1(c).

7. Therefore, the Adjusted Base Offense Level for Count One is 35.

Count Two – Securities Fraud

8. The applicable guideline is U.S.S.G. § 2B1.1. The Base Offense Level is 7.

9. The parties agree that for purposes of the guidelines calculation, the loss, including relevant conduct, was between $65,000,000 and $150,000,000. Therefore, Specific Offense Characteristic U.S.S.G. § 2B1.1(b)(1)(M) applies, resulting in an increase of 24 levels.

10. The offense involved 10 or more victims, resulting in an increase of 2 levels. U.S.S.G. § 2B1.1(b)(2)(A)(i).

11. LEVINE was an organizer, leader, manager, or supervisor of the criminal activity. This results in an increase of 2 levels. U.S.S.G. § 3B1.1(c).

12. Therefore, the Adjusted Base Offense Level for Count Two is 35.

Multiple Counts Analysis

13. Counts One and Two of the Information involve substantially the same harm and group as closely related counts pursuant to U.S.S.G. § 3D1.2(d).

14. Pursuant to U.S.S.G. § 3D1.4(a), the Adjusted Offense Level is 35.

Acceptance of Responsibility

15. As of the date of this letter, LEVINE has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if LEVINE's acceptance of responsibility continues through the date of sentencing. U.S.S.G. § 3E1.1 (a).

16. As of the date of this letter, LEVINE has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in LEVINE's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) LEVINE enters a plea pursuant to this agreement, (b) this Office in its discretion determines that LEVINE's acceptance of responsibility has continued through the date of sentencing and LEVINE therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) LEVINE's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

Total Guidelines Offense Level

17. In accordance with the above, the parties agree that the total Guidelines offense level applicable to LEVINE is 32 (the "agreed total Guidelines offense level").

18. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. However, the parties further agree that LEVINE reserves the right to seek a variance pursuant to 18 U.S.C. § 3553(a), and that this Office reserves the right to oppose such a request.

19. LEVINE knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including, but not limited to, any appeal under 18 U.S.C. § 3742 or a motion under 18 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines

offense level of 32. This Office will not file any appeal, motions or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 32. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.  None of these provisions, however, shall preclude LEVINE from pursuing, when permitted by law, an appeal, collateral attack, writ, or motion claiming that LEVINE's guilty plea or sentence resulted from constitutionally ineffective assistance of counsel.

20. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.