2019R00867/HS/CLD/SD/jw

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Susan D. Wigenton |
| v. | : | Crim. No. 21-234 |
| SETH LEVINE, | : | CONSENT JUDGMENT |
| | | AND ORDER OF FORFEITURE |
| Defendant. | : | (MONEY JUDGMENT) |

On or about March 18, 2021, pursuant to a plea agreement with the United States, defendant Seth Levine pleaded guilty to a two-count Information that charged him with intentionally conspiring with others to commit bank fraud, contrary to 18 U.S.C. § 1344, in violation of 18 U.S.C. § 1349 (Count One) and knowingly and willfully committing securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. § 240.10b-5 (Count Two).   In the plea agreement, the defendant agreed to forfeit all property the defendant obtained that constitutes or is derived, directly and indirectly, from proceeds traceable to (i) the bank fraud offense charged in Count One of the Information, and (ii) the securities fraud offense charged in Count Two of the Information, the value of which was $65 million.   In the plea agreement, the defendant further acknowledged that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, and that the United States is therefore entitled to forfeit substitute assets in an amount of at least $65 million (the "Money Judgment").

In the plea agreement, the defendant further waived the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice

of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; consented to the entry of judgment of forfeiture that will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure; acknowledged he understood that the imposition of the Money Judgment is part of the sentence that may be imposed in this case; waived any failure by the Court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding; and waived any and all claims that the forfeiture constitutes an excessive fine and agreed that the forfeiture does not violate the Eighth Amendment. The defendant further acknowledged that any forfeiture of his assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Having considered the plea agreement, the record as a whole, and the applicable law, it is hereby ORDERED, ADJUDGED, AND DECREED THAT:

1.     All property, real and personal, that constitutes or is derived, directly and indirectly, from proceeds traceable to the bank fraud conspiracy and securities fraud offenses to which the defendant has pleaded guilty is forfeited to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(2).

2.     The defendant having acknowledged that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, the United States is entitled to forfeit proceeds and/or substitute assets equal to the value of the proceeds

obtained by the defendant, which was $65 million.  A money judgment in the amount of $65 million (the "Money Judgment") is hereby entered against the defendant, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(2), 21 U.S.C. § 853(p), and Federal Rule of Criminal Procedure 32.2(b).

3.      All payments on the Money Judgment shall be made by (i) electronic funds transfer, as directed by the U.S. Attorney's Office; or (ii) postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102, and shall indicate the defendant's name and case number on the face of the check.

4.      All payments on the Money Judgment are forfeited to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p).  The United States Marshals Service shall deposit such payments in its Seized Assets Deposit Account, and upon clearing of the financial instrument, shall deposit the funds in the Assets Forfeiture Fund, for disposition according to law.  The United States shall have clear title to such payments, proceeds, and/or substitute assets up to the amount of the Money Judgment ($65 million).

5.      Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until this the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of assets to satisfy the Money

Judgment, or in connection with any petitions filed pursuant to 21 U.S.C. § 853(n), including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

6.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant Seth Levine, shall be made part of the sentence of defendant Seth Levine, and shall be included in the judgment of conviction therewith.

7.     The Clerk of the Court is directed to enter a Criminal Forfeiture Money Judgment against the defendant in favor of the United States in the amount of $65 million.

[CONTINUED ON NEXT PAGE]

8.     This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.

ORDERED this 30th day of March, 2022.

_____
HON. SUSAN D. WIGENTON, U.S.D.J.

The undersigned hereby consent to
the form and entry of this Order:

PHILIP R. SELLINGER
United States Attorney

_____          Dated: _____3/18/2022_____
By:  HEATHER SUCHORSKY
     Assistant United States Attorney
     CHARLIE L. DIVINE
     Special Assistant U.S. Attorney

_____          Dated: _____
BENJAMIN BRAFMAN, ESQ.
JACOB KAPLAN, ESQ.
Attorney for Defendant Seth Levine

_____          Dated: ___3/30/22___
SETH LEVINE, Defendant